IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:18-CT-3167-D

JACK ZIMMERMAN, )
)
Plaintiff, )
)
v. ) **ORDER**
)
JUSTIN ANDREWS, et al., )
)
Defendants. )

On July 5, 2018, Jack Zimmerman ("Zimmerman" or "plaintiff"), a federal inmate proceeding pro se and in forma pauperis, filed this action under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671, et seq., and Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971) [D.E. 1, 6, 10]. On April 12, 2019, Magistrate Judge Numbers conducted an initial review of the complaint under 28 U.S.C. § 1915A and recommended that the court dismiss Zimmerman's claims against Justin Andrews ("Andrews") [D.E. 14]. Magistrate Judge Numbers also denied Zimmerman's motions relating to the filing fee. See id. On May 30, 2019, Zimmerman objected to the M&R [D.E. 17]. Zimmerman has also filed motions to waive the Marshal's service fees [D.E. 18] and "to amend to add Bonding Company(s)" as defendants [D.E. 21].

"The Federal Magistrates Act requires a district court to make a de novo determination of those portions of the magistrate judge's report or specified proposed findings or recommendations to which objection is made." Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (emphasis, alteration, and quotation omitted); see 28 U.S.C. § 636(b). Absent a timely

objection, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond, 416 F.3d at 315 (quotation omitted).

The court has reviewed the M&R, the record, and Zimmerman's objections. As for Zimmerman's objection to the dismissal of his FTCA claim for failure to comply with North Carolina Rule of Civil Procedure 9(j), the court is satisfied that there is no clear error on the face of the M&R and the record. See, e.g., Littlepaige v. United States, 528 F. App'x 289, 292–96 (4th Cir. 2013) (unpublished); Estate of Williams-Moore v. Alliance One Receivables Mgmt., Inc., 335 F. Supp. 2d 636, 649 (M.D.N.C. 2004); Frazier v. Angel Med. Ctr., 308 F. Supp. 2d 671, 676–77 (W.D.N.C. 2004); Moore v. Pitt Cty. Mem'l Hosp., 139 F. Supp. 2d 712, 713–14 (E.D.N.C. 2001).[1] Thus, the court dismisses Zimmerman's FTCA claim and the United States as a defendant without prejudice.

As for Zimmerman's objection to the dismissal of Warden Andrews as a defendant, Zimmerman relies on correspondence between outside parties (a rabbi and the Governor of Texas) and Warden Andrews, a medical bill Zimmerman handed to Andrews in September 2016, the allegation that Andrews "was daily in meeting with Medical[,]" and his personal pleas to Andrews to avoid a prison transfer to argue that Warden Andrews may be held liable as a supervisor. Objs. at 7–11. The court is satisfied that there is no clear error on the face of the M&R and the record. See, e.g., Davis v. Prison Health Servs., Inc., 558 F. App'x 145, 150 (3d Cir. 2014) (quotation

---

[1] Zimmerman objects that Magistrate Judge Numbers "does not even know where Z[immerman] was incarcerated" because he was at FCI II Butner rather than the Federal Medical Center - Butner. Objs. [D.E. 17] 2. This typographical error is irrelevant to the court's determination that Zimmerman was required to comply with Rule 9(j) in order to sue for medical malpractice under the FTCA.

2

omitted); Arnett v. Webster, 658 F.3d 742, 755–56 (7th Cir. 2011); Iko v. Shreve, 535 F.3d 225, 242 (4th Cir. 2008). To the extent Zimmerman objects to Magistrate Judge Numbers's erroneous characterization of a medication prescribed by defendant Craft, see Objs. at 3, any such error does not alter the court's conclusion that Zimmerman has stated Eighth Amendment claims against defendants Craft and Kilpatrick, but not against Andrews. Accordingly, the court adopts the conclusions in the M&R and dismisses Zimmerman's Bivens claims against Andrews without prejudice.

As for Zimmerman's objection to the disposition of his in forma pauperis application, Objs. 5–6, 13, the court is satisfied that there is no clear error on the face of the M&R and the record. See 28 U.S.C. § 1915(b)(1); Bruce v. Samuels, 136 S. Ct. 627, 632 (2016). Accordingly, the court adopts the conclusions in the M&R. To the extent Zimmerman renews his request for appointed counsel, see Objs. at 9–10, the court denies the request. See Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated in part on other grounds by Mallard v. U.S. Dist. Court, 490 U.S. 296 (1989); Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975).

As for Zimmerman's motion to waive the Marshal's service fees [D.E. 18], the court grants the motion. See 28 U.S.C. § 1915(d). As for Zimmerman's motion to amend to add sureties [D.E. 21], the court denies the motion. "If the Bivens defendant is found liable, he becomes personally responsible for satisfying the judgment, although in some instances the government may indemnify him." Simpkins v. D.C. Gov't, 108 F.3d 366, 369 (D.C. Cir. 1997) (citing 28 C.F.R. § 50.15(c)); see F.D.I.C. v. Meyer, 510 U.S. 471, 486 (1994).

Finally, Zimmerman's allegations of "judicial misconduct" and a conspiracy between Magistrate Judge Numbers and the defendants are baseless. See, e.g., Liteky v. United States, 510 U.S. 540, 552–55 (1994); Belue v. Leventhal, 640 F.3d 567, 572–73 (4th Cir. 2011); United States

3

v. Cherry, 330 F.3d 658, 665–66 (4th Cir. 2003).

In sum, the court ADOPTS the conclusions in the M&R [D.E. 14], and DISMISSES Zimmerman's FTCA claims and Bivens claims against defendant Andrews and Andrews and the United States as defendants from this action. Zimmerman may proceed with his Bivens claims against defendants Kilpatrick and Craft. The court GRANTS plaintiff's motion to waive the service fee [D.E. 18], and DENIES plaintiff's motion to amend [D.E. 21]. The clerk shall continue management of the case, including issuance of summonses. The court DIRECTS the United States Marshal Service to make service pursuant to 28 U.S.C. § 1915(d).

SO ORDERED. This 30 day of September 2019.

JAMES C. DEVER III
United States District Judge